## Lewis *vs* Love's Heirs.

### ERROR TO THE JEFFERSON CIRCUIT.

*Fraudulent conveyances. Evidence. Creditors and purchasers.*

JUDGE EWING delivered the Opinion of the Court.

In May, 1837, George R. Love, upon no other consideration than love and affection, conveyed his real estate to his three infant children, who were living with him; and in June following, on the same consideration, conveyed to them his slaves and other personal property, and both deeds were duly recorded in June of the same year. In October following, he borrowed money from Lewis and executed a mortgage to him for one of the slaves to secure the re-payment thereof. Before and after the mortgage, he remained in possession of all the property and exercised ownership over it, selling, renting and hiring, and applying the profits to his own use, as he had done before the conveyance to his children, until one Merri-

LEWIS
*vs*
LOVE'S HEIRS.

weather was appointed by the County Court, guardian of the children, and claimed in that character to control the property. Lewis filed his bill against Love and his children and Merriweather, to remove the incumbrance from the slave mortgaged to him, and to subject him to sale in satisfaction of his debt. Love having died, the suit was renewed against the three children as his heirs, there being no administration on his estate.

Decree of the Chancellor.

The Chancellor, upon the hearing, dismissed the complainant's bill, and he has brought the case to this Court. The bill was dismissed by the Chancellor on the ground that there was no evidence other than the confessions of Love, that he was indebted at the time when the deeds of gift were made to his children, and that these confessions were made after the deeds were made, and were not evidence against them; and that the conveyance thus made was not fraudulent and void as against the complainant a *subsequent* creditor.

A statement of a debtor, that he had made over his property to his children some months before he had done so, and his acknowledgment, then made, of considerable indebtedness—his conveying to 3 infant children then living with him, his entire property, retaining the possession thereof, renting, hiring and using the proceeds as his own, altogether show that the conveyance was made to hinder, delay and defraud creditors, and is void against subsequent purchasers as well as prior creditors.

The Chancellor seems to have overlooked the deposition of Wm. L. Mitchell, who states that some time in February, 1837, as well as he recollects, Love told him or spoke it in his presence, that he *was very much indebted.* He was speaking to a man to whom he *was indebted,* and stated to him that he *need not sue him,* that he had *made over his property* to his children, but *would pay him.* Though the statement that he *had made* over his property was untrue, it shows that the *plan* had then taken root in his mind, and the *object* to be accomplished by it, and the statement was made that he had made it over to *deter* the creditor from sueing. In corroboration of the evidence of this witness, is the evidence of several others, proving by his confessions after the deeds were made, which are at least competent against himself, the *fraudulent motive* which prompted the execution of the deeds, which taken in connection with the facts that the deeds embraced *all* his property, that they were made to children of tender years, who were living with him, and that he continued as before in possession, selling, renting and hiring, and applying the proceeds to his own use, and exercising every other act of ownership over it, leaves no rational doubt upon the mind, that they were not made

as a *reasonable advancement* to his children, commensurate with his *means* and *condition,* but as a cover to hinder, delay and obstruct creditors in the enforcement of their debts, and as such the whole transaction is fraudulent and void against *subsequent* as well as prior creditors.

But the complainant does not stand in the condition of a *general creditor,* but as *mortgagee,* occupies the more favorable attitude of a *purchaser* for valuable consideration, to the extent of the sum secured: *Roberts on Fraudulent Conveyances,* 373, and the authorities cited.

As a purchaser, the mere fact that the deeds are *voluntary,* render them at least *prima facie* fraudulent and void as to him: 27*th Stat. of Elizabeth,* (1 *John. Chy. Rep.* 261;) *Sterry and wife* vs *Ardew and others and the authorities there referred to; same case,* 12 *John. Chy. Rep.* 536, *and the authorities referred to; Roberts on Fraudulent Conveyances,* 62, *and Seq. and the authorities there referred to.*

But when, as in this case, it is obvious that they were made, not as an advancement, but with a *fraudulent motive and intent,* they are unquestionably void as to him. Nor does it matter that the deeds were recorded or that the complainant had constructive notice of their execution prior to his purchase : *Sugden on Vendors,* 620*; Burton's Lien of Real Property,* 79 *and the authorities before referred to.* And though they were recorded, he most likely never had *actual* notice of their existence, and if he had, notice of the deeds was notice that they were voluntary, and may also have been attended with notice that they were *fraudulent,* and consequently void.

Decree reversed and cause remanded, that a decree may be rendered in favor of the complainant below.

*Loughborough* for plaintiff.

<div style="margin">
Lewis
*vs*
Love's heirs.

A mortgagee occupies a still more favorable attitude of a purchaser for a valuable consideration to the extent of the sum secured.
</div>